UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA ARTIS,<br><br>      PLAINTIFF,<br><br>v.<br><br>CAPE COD HOSPITAL, DEFENDANT,<br>AND JAMES HAPPEL. | CIVIL ACTION NO. 1:18-cv-10801-GAO |

## ANSWER OF DEFENDANT CAPE COD HOSPITAL TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, Cape Cod Hospital ("Cape Cod Hospital" or "Defendant"), by and through its attorneys, and submits its Answer and Affirmative Defenses to Plaintiff Gloria Artis's ("Plaintiff") Amended Complaint as follows:

### INTRODUCTION

Upon information and belief, Defendant admits Plaintiff is black and that she filed a Complaint with the Massachusetts Commission Against Discrimination. Defendant is without sufficient information and/or knowledge to admit or deny Plaintiff's descent. Defendant denies the remaining allegations contained in the Introduction paragraph of the Amended Complaint.

### JURISDICTION

Defendant admits the Court has subject matter jurisdiction. Defendant denies the remaining allegations in the Jurisdiction paragraph of the Amended Complaint.

### VENUE

Defendant admits venue is proper. Defendant denies the remaining allegations in the Venue paragraph of the Amended Complaint.

**PARTIES**

1. Upon information and belief, Defendant admits the allegations in Paragraph 1 of the Parties section of the Amended Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Parties section of the Amended Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Parties section of the Amended Complaint.

**FACTS**

1. Defendant admits the allegations in Paragraph 1 of the Facts section of the Amended Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Facts section of the Amended Complaint.

3. Defendant admits that on or about March 13, 2017, Jennifer Clark delivered a written warning to Plaintiff. Defendant denies the remaining allegations in Paragraph 3 of the Facts section of the Amended Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Facts section of the Amended Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Facts section of the Amended Complaint.

6. Defendant is without sufficient information and/or knowledge to admit or deny what the unidentified employee told Plaintiff. Defendant denies the remaining allegations in Paragraph 6 of the Facts section of the Amended Complaint.

7. Defendant admits Plaintiff did not agree with the written warning issued on March 13, 2017. Defendant denies the remaining allegations in Paragraph 7 of the Facts section of the Amended Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Facts section of the Amended Complaint.

9. Defendant admits James Happel expressed his concern regarding Plaintiff scheduling Hilda Haye for extra shifts in a manner that could violate the collective bargaining agreement. Defendant denies the remaining allegations in Paragraph 9 of the Facts section of the Amended Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Facts section of the Amended Complaint.

11. Defendant admits Mr. Happel commented that all babies look like Winston Churchill. Defendant denies the remaining allegations in Paragraph 11 of the Facts section of the Amended Complaint.

12. Defendant admits that on June 9, 2017, Defendant asked Plaintiff to take a predictive index assessment. Defendant denies the remaining allegations in Paragraph 12 of the Facts section of the Amended Complaint.

13. Defendant admits Ms. Reilly did not confirm that an investigation about Plaintiff's claim of racial discrimination would be done. Defendant denies the remaining allegations in Paragraph 13 of the Facts section of the Amended Complaint.

14. Defendant admits on or about July 14, 2017, Plaintiff emailed Mr. Happel informing him that she had talked to Human Resources and alleged that Mr. Happel had made racist comments to her and had indicated she had an inappropriate relationship with Ms. Haye.

Defendant denies the remaining allegations in Paragraph 14 of the Facts section of the Amended Complaint.

15.     Defendant admits Plaintiff stated she would not tolerate discriminatory comments or unfair treatment in comparison to other supervisors.  Defendant denies Mr. Happel or Ms. Clark made any discriminatory comments or treated Plaintiff unfairly and further denies the remaining allegations in Paragraph 15 of the Facts section of the Amended Complaint.

16.     Defendant is without sufficient information and/or knowledge to admit or deny the allegations regarding "a Notice" that was sent to HR's Senior Vice President because it is unclear what Plaintiff means by that term "Notice."  Defendant admits the Senior Vice President of Human Resources received Plaintiff's July 14, 2017, email.  Defendant denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17.     Defendant admits that on October 11, 2017 at 2:17 PM, Plaintiff sent an email to Nancy McGuire requesting that Human Resources send a representative to meeting with Mr. Happel and Ms. Clark, admits that a Human Resources representative was not at meetings between Plaintiff and Mr. Happel and further admits that a Human Resources representative was not at all meeting between Plaintiff and Ms. Clark.  Defendant denies the remaining allegations in Paragraph 17 of the Facts section of the Amended Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Facts section of the Amended Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Facts section of the Amended Complaint.

20.     Defendant admits that on July 18, 2017, Ms. McGuire met with Plaintiff as part of Defendant's investigation into Plaintiff's allegations raised on July 14, 2017, including her

allegation that Mr. Happel purportedly made racist comments.  Defendant denies the remaining allegations in Paragraph 20 of the Facts section of the Amended Complaint.

21.     Defendant admits that on July 25, 2017, Ms. McGuire met with Plaintiff as part of Defendant's ongoing investigation relating to Plaintiff's allegations regarding Mr. Happel.  Defendant denies the remaining allegations in Paragraph 21 of the Facts section of the Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Facts section of the Amended Complaint.

23.     Defendant is without sufficient information and/or knowledge to admit or deny the allegations relating to Plaintiff's ideal schedule.  Defendant admits that Plaintiff and the other supervisors in the laboratory were each asked to work certain 5 AM to 1 PM shifts.  Defendant denies the remaining allegations in Paragraph 23 of the Facts section of the Amended Complaint.

24.     Defendant is without sufficient information and/or knowledge to admit or deny the allegations relating to Plaintiff's communications with Ms. O'Reilly because it is unclear what two month period Plaintiff referenced.  Defendant is also without sufficient information and/or knowledge to admit or deny the allegations relating to Plaintiff's communications with the EEOC.  Defendant denies the remaining allegations in Paragraph 24 of the Facts section of the Amended Complaint.

25.     Upon information and belief, Defendant admits the allegations in Paragraph 25 of the Facts section of the Amended Complaint but denies the substance of the allegations set forth in Plaintiff's discrimination charge.

26. Defendant admits that on or about October 13, 2017, Ms. McGuire met with Plaintiff to discuss the investigation into her allegations against Mr. Happel. Defendant denies the remaining allegations in Paragraph 26 of the Facts section of the Amended Complaint.

27. Defendant is without sufficient information and/or knowledge to admit or deny the allegations relating to Plaintiff's understanding. Defendant denies the remaining allegations in Paragraph 27 of the Facts section of the Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Facts section of the Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Facts section of the Amended Complaint.

30. Defendant admits that at one point Ms. McGuire expressed sympathy to Plaintiff for her feelings. Defendant denies the remaining allegations in Paragraph 30 of the Facts section of the Amended Complaint.

31. Defendant admits that on or about January 9, 2018, Mr. Happel spoke with Plaintiff regarding her behavior at a meeting during which cones in the employee parking lot were discussed. Defendant denies the remaining allegations in Paragraph 31 of the Facts section of the Amended Complaint.

32. Defendant admits that on January 11, 2018, Ms. Clark instructed Plaintiff to change an employee's unsubstantiated performance evaluation and scores and that the employee was white. Defendant denies the remaining allegations in Paragraph 32 of the Facts section of the Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Facts section of the Amended Complaint.

34. Defendant admits that in February of 2018, Defendant received a request from Plaintiff's counsel for a copy of Plaintiff's personnel file and that Plaintiff received a final written warning. Defendant denies the remaining allegations in Paragraph 34 of the Facts section of the Amended Complaint.

35. Defendant is without sufficient information and/or knowledge to admit or deny the allegations regarding what Plaintiff observed. Defendant denies the remaining allegations in Paragraph 35 of the Facts section of the Amended Complaint.

36. Defendant admits Patrick O'Donnell took FMLA leave and informed Phyllis Smith he would be out until the end of March for FMLA. Defendant denies the remaining allegations in Paragraph 36 of the Facts section of the Amended Complaint.

37. Defendant is without sufficient information and/or knowledge to admit or deny the allegations in the Amended Complaint regarding what was told or not told to Plaintiff or whether Plaintiff called Mr. O'Donnell. Defendant denies the remaining allegations in Paragraph 37 of the Facts section of the Amended Complaint.

38. Defendant is without sufficient information and/or knowledge to admit or deny whether Hilda Haye gave a statement because it is unclear what Plaintiff is referring to. Defendant denies the remaining allegations in Paragraph 38 of the Facts section of the Amended Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Facts section of the Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Facts section of the Amended Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Facts section of the Amended Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Facts section of the Amended Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Facts section of the Amended Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Facts section of the Amended Complaint.

45.     Defendant is without sufficient information and/or knowledge to admit or deny the allegation regarding upper management/leadership not having many persons of color because it is unclear to whom Plaintiff is referring.  Defendant denies the remaining allegations in Paragraph 45 of the Facts section of the Amended Complaint.

## COUNT I – DISCRIMINATION BASED ON RACE IN VIOLATION OF FEDERAL LAW

46.     Defendant incorporates its responses to all prior paragraphs as if fully restated herein.

47.     Defendant denies the allegations in Paragraph 47 of Count I of the Amended Complaint.

48.     Defendant denies the allegations in Paragraph 48 of Count I of the Amended Complaint.

## COUNT II – DISCRIMINATION BASED ON SEX AND GENDER IN VIOLATION OF FEDERAL LAW

49.     Defendant incorporates its responses to all prior paragraphs as if fully restated herein.

50. Defendant denies the allegations in Paragraph 50 of Count II of the Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of Count II of the Amended Complaint.

### COUNT III – RETALIATION IN VIOLATION OF TITLE VII

52. Defendant incorporates its responses to all prior paragraphs as if fully restated herein.

53. Defendant denies the allegations in Paragraph 53 of Count III of the Amended Complaint.

54. Defendant denies the allegations in Paragraph 54 of Count III of the Amended Complaint.

55. Defendant denies the allegations in Paragraph 55 of Count III of the Amended Complaint.

### COUNT IV: DISCRIMINATION BASED ON SEX AND GENDER IN VIOLATION MASSACHUSETTS GENERAL LAWS CHAPTER 151B

56. Defendant incorporates its responses to all prior paragraphs as if fully restated herein.

57. Defendant denies the allegations in Paragraph 57 of Count IV of the Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of Count IV of the Amended Complaint.

### COUNT V: DISCRIMINATION BASED ON SEX AND GENDER IN VIOLATION MASSACHUSETTS GENERAL LAWS CHAPTER 151 B

59. Defendant incorporates its responses to all prior paragraphs as if fully restated herein.

60. Defendant denies the allegations in Paragraph 60 of Count V of the Amended Complaint.

61. Defendant denies the allegations in Paragraph 61 of Count V of the Amended Complaint.

**COUNT VI – RETALIATION MASSACHUSETTS GENERAL LAWS CHAPTER 151B**

62. Defendant incorporates its responses to all prior paragraphs as if fully restated herein.

63. Defendant denies the allegations in Paragraph 63 of Count VI of the Amended Complaint.

64. Defendant denies the allegations in Paragraph 64 of Count VI of the Amended Complaint.

65. Defendant denies the allegations in Paragraph 65 of Count VI of the Amended Complaint.

**DAMAGES**

Defendant denies the allegations in the Damages paragraph of the Amended Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination with the EEOC or a state deferral agency; (b) for alleged incidents of discrimination or retaliation not listed in her charge; or (c) against parties not named in any administrative charge, Plaintiff may

not recover any relief for such incidents of alleged discrimination, retaliation, or against unnamed parties as she failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

### FOURTH AFFIRMATIVE DEFENSE

Any action taken by Defendant was taken for legitimate, nondiscriminatory business reasons, not on account of Plaintiff's membership in any protected group.

### FIFTH AFFIRMATIVE DEFENSE

Defendant would have taken the same actions in regards to Plaintiff's employment in the absence of any alleged discriminatory or retaliatory factor.

### SIXTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for compensatory under Title VII is limited by the damages cap imposed by the Civil Rights Act of 1991.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that any damages suffered by the Plaintiff are the consequence of Plaintiff's own acts and/or omissions, or of those of third persons not in Defendant's control.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is not liable to the extent that any of their individual employees or agents acted outside the course and scope of his or her employment.

### NINTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations in the Amended Complaint, Defendant had effective policies for the prevention and correction of unlawful discriminatory practices.

Notwithstanding the existence of these policies, Plaintiff unreasonably failed to utilize them in connection with the allegations of unlawful discrimination asserted in the Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations in the Amended Complaint, Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory and/or harassing behavior alleged by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent that they are barred, in whole or in part, by the doctrine of waiver, equitable estoppel, unclean hands, and/or laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages as required by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

### GENERAL DENIAL AND RESERVATION OF RIGHTS

**A.**     Any allegations not expressly admitted by Defendant are denied.

**B.**     Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process.

WHEREFORE, Cape Cod Hospital prays that Plaintiff's Amended Complaint be dismissed in its entirety and *with prejudice*; that Plaintiff takes nothing by this action; and that Cape Cod Hospital be awarded its reasonable costs and such other relief as this Court deems proper.

Respectfully submitted,

*/s/ Melissa L. McDonagh*
Anthony Rizzotti (BBO No. 561967 )
Melissa L. McDonagh (BBO No. 569023)
Rick J. Marks (BBO No. 693738)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
arizzotti@littler.com
mmcdonagh@littler.com

August 20, 2018

## CERTIFICATE OF SERVICE

I, Melissa L. McDonagh, hereby certify that on this 20th day of August 2018, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via e-mail and first class mail to all identified as non-registered participants.

*/s/ Melissa L. McDonagh*
Melissa L. McDonagh