UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA ARTIS,<br><br>　　　　PLAINTIFF,<br><br>　　v.<br><br>CAPE COD HOSPITAL, DEFENDANT,<br>AND JAMES HAPPEL. | CIVIL ACTION NO. 1:18-cv-10801-GAO |

### MEMORANDUM IN SUPPORT OF DEFENDANT JAMES HAPPEL'S MOTION TO DISMISS

Plaintiff Gloria Artis ("Plaintiff" or "Ms. Artis") failed to name defendant James Happel ("Defendant" or "Mr. Happel") as a respondent in the two charges of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") before beginning this Action. As such, Plaintiff failed to exhaust her administrative prerequisites against Mr. Happel, and this Court lacks subject matter jurisdiction over Plaintiff's claims against him. Therefore, the Court should dismiss Mr. Happel pursuant to Rule 12(b)(1).

Even if the Court decides that Plaintiff satisfied her administrative prerequisites – which she did not – Plaintiff's Amended Complaint fails to bring a single cause of action against Mr. Happel. Thus, pursuant to Rule 12(b)(6), the Court should dismiss the Amended Complaint as it relates to Mr. Happel for failure to state a claim upon which relief can be granted.

**I.   BACKGROUND[1]**

On October 3, 2016, Plaintiff began working for defendant Cape Cod Hospital (the "Hospital") as a Supervisor of Phlebotomy. Amended Complaint ("Compl.") ¶ 1. Plaintiff remains employed with the Hospital. *Id*.

---

[1] Defendant assumes, for purposes of this motion to dismiss only, that the factual allegations set forth in the Amended Complaint are true.

Approximately one year later, in October 2017, Plaintiff filed a charge of discrimination[2] with the EEOC alleging discrimination, harassment, and retaliation.[3]  The only respondent named in Plaintiff's charge was "Cape Cod Healthcare."[4]  Plaintiff never requested or attempted to amend her EEOC charge to include Mr. Happel as a respondent.  The EEOC issued a Dismissal and Notice of Rights on January 25, 2018, dismissing Plaintiff's charge.  On April 3, 2018, Plaintiff filed a second charge of discrimination with the EEOC.[5]  Again, "Cape Cod Healthcare" was the only respondent named in the charge.

Plaintiff then withdrew her second EEOC charge and, on April 24, 2018, initiated this Action by filing a Complaint against the Hospital.  Docket No. ("Dk. No.") 1.  Plaintiff amended her Complaint on May 18, 2018, naming Mr. Happel as a defendant for the <u>first time</u> in any proceeding.  Dk. No. 4.

## II. ARGUMENT

The Court should dismiss Plaintiff's claims against Mr. Happel pursuant to Rule 12(b)(1) because he was not named as a respondent in any EEOC proceeding.  Even assuming, *arguendo*, that Plaintiff satisfied the administrative prerequisites, she fails to state a claim against Mr. Happel, necessitating dismissal pursuant to Rule 12(b)(6).

---

[2] "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).  However, there is an exception for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id*. *See also Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (when "a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)").  Here, the EEOC charges are referenced in Plaintiff's Amended Complaint, (*see* Compl. ¶¶ 25, 53), their authenticity will presumably not be disputed, they are public records, and they are central to the viability of Plaintiff's claims.
[3] A copy of the charge of discrimination is attached as <u>Exhibit A</u>.
[4] Complainant misidentified Cape Cod Hospital as "Cape Cod Healthcare" in her charge.
[5] A copy of the second charge of discrimination Plaintiff filed is attached as <u>Exhibit B</u>.

### A. The Court Should Dismiss All Of The Claims Against Mr. Happel For Lack Of Subject Matter Jurisdiction.

#### 1. Rule 12(b)(1) Standard

A court may dismiss a complaint for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). When reviewing a Rule 12(b)(1) motion for lack of jurisdiction, courts may look beyond the pleadings and consider extrinsic documents. *Gonzalez v. U.S.*, 284 F.3d 281, 288 (1st Cir. 2002) ("While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion"); *see also Hall v. FMR Corp.*, 559 F. Supp. 2d 120, 126 n.7 (D. Mass. 2008) (court "can consider [EEOC] filings (the authenticity of which is not in dispute) without converting a motion to dismiss to one for summary judgment"). The party opposing a Rule 12(b)(1) motion possesses the burden of establishing that jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

#### 2. The Court Lacks Subject Matter Jurisdiction Because Plaintiff Failed to Name Mr. Happel in Her EEOC Charge.

Federal and Massachusetts state anti-discrimination laws require a plaintiff to first file a charge of discrimination with the EEOC or Massachusetts Commission Against Discrimination ("MCAD") before bringing any civil action in court. *See* 42 U.S.C.2000e-5(f)(1); M.G.L. c. 151B ("Chapter 151B"), §§ 5, 9. The charge of discrimination must include, among other things, "appropriate identification of … the person(s) alleged to have committed unlawful discriminatory acts." 804 C.M.R. 1.10(5)(d); *see also* 29 C.F.R. § 1601.12(b). "Failure to exhaust this administrative process bars the courthouse door." *Aly v. Mohegan Council, Boy Scouts of Am.*, 711 F.3d 34, 41 (1st Cir. 2013); *see also Depianti v. Jan-Pro Franchising Int'l, Inc.*, 465 Mass. 607, 613 (2013) (holding "filing requirement in the antidiscrimination statute <u>is jurisdictional</u>" and failure to comply precludes plaintiff from filing lawsuit in court) (emphasis supplied). The purpose of this administrative filing requirement is to "provide notice to the

prospective defendant and to encourage conciliation and settlement of disputes. *Fant v. New England Power Service Co.*, 239 F.3d 8, 11 (1st Cir. 2001); *see also Everett v. 357 Corp.*, 453 Mass. 585, 599-600 (2009).

Thus, First Circuit and Massachusetts courts have made it clear that a plaintiff may not assert Title VII or Chapter 151B claims against a defendant who was not named in the preceding EEOC charge. *See, e.g., Knidel v. T.N.Z., Inc.*, 211 F. Supp. 3d 382, 396 (D. Mass. 2016) (dismissing claims for violations of federal anti-discrimination laws and Chapter 151B against defendant that plaintiff failed to name in EEOC charge); *Hayes v. Henri Bendel, Inc.*, 945 F. Supp. 374, 378 (D. Mass. 1996) ("in a Title VII context the failure to name a party as a respondent in an EEOC charge is usually fatal to the right to sue"); *Butner v. Dep't of State Police*, 60 Mass. App. Ct. 461, 468 (2004) ("even if the plaintiffs timely filed MCAD complaints against the department . . . they cannot maintain a civil action against any defendant not named in the MCAD complaint"); *King v. First*, 46 Mass. App. Ct. 372, 373-74 (1999) ("The failure to name a party in the complaint filed with the MCAD has been ruled to bar a plaintiff from later maintaining a G. L. c. 151B claim in court against the party").

Plaintiff filed two EEOC charges but did not name Mr. Happel as a respondent in either proceeding. *See* <u>Exhibits A & B</u>. What is more, although Plaintiff was represented by competent counsel throughout the EEOC processes, she never sought to add Mr. Happel as a respondent. The failure to amend alone is grounds for dismissing Mr. Happel. *See Mirabal v. Herb Chambers of Auburn, Inc.*, No. 11–11047–JLT, 2012 WL 859566, *2 (D. Mass. Mar. 12, 2012) (dismissing individually-named defendant because plaintiff never tried to amend charge). Moreover, Plaintiff's Amended Complaint fails to allege facts suggesting that Mr. Happel had notice and an opportunity to participate in the proceedings at the EEOC. *See Preston v. Second*

*Wind, Inc.*, 824 F. Supp. 2d 247, 251-52 (D. Mass. 2011) (dismissing discrimination claims against individual defendants because plaintiff "[made] no attempt in his civil complaint to demonstrate that these individual Defendants had the ability to participate in the MCAD proceeding" and provided "no evidence that there was an opportunity to conciliate the claims prior to a civil suit."); *see also Butner*, 60 Mass. App. Ct. at 468 n.14 ("It is . . . incumbent upon the plaintiff . . . to allege and prove its compliance with the [requirements of Title VII and Chapter 151B] or, in the alternative, to claim and set forth facts to justify an exception to the rule"); Dk. No. 4.

Accordingly, the Court should dismiss Plaintiff's claims against Mr. Happel because it lacks subject matter jurisdiction over them. *See Mirabal*, 2012 WL 859566; *Depianti*, 465 Mass. at 613.

### B. The Court Should Dismiss All Of The Claims Against Mr. Happel For Failure to State a Claim Upon Which Relief Can Be Granted.

#### 1. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555). Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Plaintiff's Complaint fails to allege a single cause of action against Mr. Happel, the Court should, in the alternative, dismiss the Complaint as it relates to Mr. Happel.

### 2. Plaintiff Fails to Allege Any Claim Against Mr. Happel.

Plaintiff's original Complaint asserted seven causes of action against the Hospital. *See* Dk. No. 1, ¶¶ 46-65. In each of these causes of action, Plaintiff identified the Hospital as "defendant." *See id*. The original Complaint did not name Mr. Happel as a defendant.

Plaintiff's Amended Complaint added Mr. Happel as a defendant but does not assert any causes of action against him. The case caption only identifies Cape Cod Hospital as a defendant. *See* Dk. No. 4, p. 1. While Mr. Happel's name is listed after the identification of "Cape Cod Hospital, defendant," it is unclear what plaintiff intends by the inclusion of his name since he is listed after "defendant." *Id*. The Introduction paragraph of the Amended Complaint also only references Cape Cod Hospital as a defendant and makes no mention of Mr. Happel whatsoever. *Id*. Although Mr. Happel is listed as a party in the Parties section, it does not indicate he is a defendant. Dk. No. 4, ¶ 3. Furthermore, the numbered paragraphs setting forth the facts in the Amended Complaint are the <u>exact same</u> as they were in the original Complaint, when the Hospital was the only defendant. *Compare* Dk. No. 1 *with* Dk. No. 4, ¶¶ 46-65. More importantly, each of the six causes of action in the Amended Complaint references a singular "defendant" and Cape Cod Hospital is the only identified defendant in the Amended Complaint. Dk. No. 4. Therefore, even viewing the facts in the light most favorable to Plaintiff, the Amended Complaint must be dismissed because it fails to state any cause of action against Mr. Happel. *See* Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

Plaintiff did not name James Happel as a respondent in either of her EEOC charges, thus failing to satisfy her administrative prerequisites for filing a lawsuit against Mr. Happel. Plaintiff's failure to name Mr. Happel prevented him from having any opportunity to conciliate the claims against him. The Court, therefore, should dismiss the Amended Complaint as it

relates to Mr. Happel, pursuant to Rule 12(b)(1). Alternatively, Rule 12(b)(6) necessitates the dismissal of Mr. Happel because Plaintiff fails to state any cause of action against him.

Respectfully submitted,

/s/ *Melissa L. McDonagh*
Anthony D. Rizzotti (BBO #561967)
Melissa L. McDonagh (BBO #569023)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052
arizzotti@littler.com
mmcdonagh@littler.com

August 20, 2018

## CERTIFICATE OF SERVICE

      I, Melissa L. McDonagh, hereby certify that on August 20, 2018, I served a true copy of the foregoing pleading upon the counsel of record for each other party by operation of the Court's CM/ECF System.

                                                  /s/ *Melissa L McDonagh*
                                                  Melissa L. McDonagh

Firmwide:156120393.1 069085.1055