UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gloria Artis,<br>    Plaintiff<br><br>v.<br><br>Cape Cod Hospital, and<br>James Happel<br>    Defendants | CIVIL ACTION NO.: 1:18-cv-10801-GAO |

# PLAINTIFF'S OPPOSITION TO DEFENDANT JAMES HAPPEL'S MOTION TO DISMISS

Plaintiff Gloria Artis, by her undersigned counsel, hereby respectfully requests that the Court deny Defendant James Happel's Motion to Dismiss. Attached is Plaintiff's Memorandum in support of her Opposition.

Respectfully submitted by counsel,

/s/ Simon B. Mann
Simon B. Mann
BBO 665301
Mann Law Firm, PC
200 Highland Ave., Ste. 300
Needham, MA 02494
Tel. (617) 690-7379
Fax (781) 444-1014
simon@sbmannlaw.com

## **CERTIFICATE OF SERVICE**

I, Simon B. Mann, hereby certify that on this 22nd day of October, 2018, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be delivered via first class mail to those indicated as non-registered participants.

/s/ Simon B. Mann
Simon B. Mann

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gloria Artis,<br>    Plaintiff<br><br>v.<br><br>Cape Cod Hospital, and<br>James Happel<br>    Defendants | CIVIL ACTION NO.: 1:18-cv-10801-GAO |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT JAMES HAPPEL'S MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, submits the following Memorandum in support of her Opposition to Defendant James Happel's Motion to Dismiss.

## THE COURT SHOULD NOT DISMISS ALL OF THE CLAIMS AGAINST DEFENDANT JAMES HAPPEL FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF DID NAME DEFENDANT JAMES HAPPEL IN HER EEOC CHARGE

Plaintiff filed a charge of discrimination with the EEOC against defendants on her own and without the assistance of counsel prior to initiating the instant case with this Court. Although the cover page to her charge of discrimination only lists Defendant Cape Cod Hospital, Defendant James Happel is sufficiently and precisely identified in Plaintiff's allegations of discrimination as Plaintiff's immediate supervisor at Cape Cod Hospital. Pursuant to 29 CFR §1601.12(b), a charge is sufficient when the Commission receives it from the person making the charge a written statement sufficiently precise to identify the parties. Here, Plaintiff identified

Defendant Happel by his full name and job title at Cape Cod Hospital. Moreover, Defendant James Happel is referred to as "Respondent" by Plaintiff in Plaintiff's written description of the discriminatory treatment she endured. See Exhibit A.

Defendant James Happel was well aware, and thus on notice, of Plaintiff's charges of discrimination even before the EEOC complaint was filed by Plaintiff. Plaintiff verbally and in writing put Defendant Happel on notice of the discriminatory treatment. See Paragraphs 14 and 15 of Plaintiff's Amended Complaint. In addition, Defendant Cape Cod Hospital conducted an investigation into Plaintiff's complaints in which Defendant Happel was interviewed. Thus, Defendant Happel had a reasonable opportunity to participate in Defendant Cape Cod Hospital's investigation.

For these reasons, the Court should not dismiss Plaintiff's Complaint against Defendant James Happel for failing to exhaust her administrative prerequisites against Defendant Happel because Defendant Happel was sufficiently identified in Plaintiff's EEOC complaint, had notice of Plaintiff's charges, and had a reasonable opportunity to participate in the investigation of those charges.

## THE COURT SHOULD NOT DISMISS ALL OF THE CLAIMS AGAINST DEFENDANT JAMES HAPPEL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The causes of action alleged in Plaintiff's Amended Complaint were intended to be made against both defendants Cape Cod Hospital and James Happel, and Plaintiff's counsel inadvertently referenced a singular defendant rather than plural. Fed. R. Civ. P. 15(a)(2) provides that a party may amend a pleading with leave of court and the court should freely give

leave when justice so requires. Here, Plaintiff's counsel inadvertently referenced a singular defendant in its causes of action in the Amended Complaint. Should this Court be inclined to grant leave to amend, Plaintiff's Second Amended Complaint will clearly state that Plaintiff's causes of action are against both Cape Cod Hospital and James Happel. Justice requires leave to amend because this case should be adjudicated on its merits rather than a typographical error made through no fault of the Plaintiff. In addition, Defendants would not be prejudiced by allowing Plaintiff's Second Amended Complaint.

Respectfully submitted by counsel,

/s/ Simon B. Mann
Simon B. Mann
BBO 665301
Mann Law Firm, PC
200 Highland Ave., Ste. 300
Needham, MA 02494
Tel. (617) 690-7379
Fax (781) 444-1014
simon@sbmannlaw.com

## CERTIFICATE OF SERVICE

I, Simon B. Mann, hereby certify that on this 22nd day of October, 2018, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be delivered via first class mail to those indicated as non-registered participants.

/s/ *Simon B. Mann*
Simon B. Mann