UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA ARTIS,<br><br>　　　　PLAINTIFF,<br><br>v.<br><br>CAPE COD HOSPITAL, DEFENDANT,<br>AND JAMES HAPPEL. | CIVIL ACTION NO. 1:18-cv-10801-GAO |

### DECLARATION OF MELISSA L. MCDONAGH IN SUPPORT OF CAPE COD HOSPITAL'S MOTION TO COMPEL

I, Melissa L. McDonagh, hereby depose and state as follows:

1. I make the statements contained in this Declaration based on my personal knowledge and am competent to testify as to all facts stated herein.

2. I am an attorney at the law firm of Littler Mendelson, P.C., One International Place, Suite 2700, Boston, Massachusetts 02110. I represent Defendants Cape Cod Hospital (the "Hospital") and James Happel[1] (collectively, "Defendants") in this litigation. I make this Declaration in support of the Hospital's Motion to Compel Discovery Responses and Documents.

3. On October 12, 2018, the Hospital served Plaintiff Gloria Artis' counsel, attorney Simon Mann, with their First Set of Interrogatories (the "Interrogatories") and Request for the Production of Documents (the "Document Requests"). True and correct copies of the Interrogatories and Document Requests are attached hereto as Exhibit A and B, respectively. Plaintiff's responses to the Discovery Requests were due November 16, 2018.

---

[1] A motion to dismiss James Happel is currently pending before the Court.

4. On October 12, 2018, the Hospital also served Plaintiff's counsel with a Notice of Deposition of Gloria Artis, noticing Plaintiff's deposition for December 6, 2018. A true and accurate copy of the Notice of Deposition is attached hereto as Exhibit C.

5. Between November and December 2018, my office inquired with Mr. Mann's office on numerous occasions regarding the status of Plaintiff's discovery responses. A true and correct copy of the parties' November and December e-mail correspondence concerning Plaintiff's discovery responses is attached hereto as Exhibit D.

6. On November 19, 2018, Richard J. Marks, an attorney in my office and also counsel to Defendants, inquired with Mr. Mann's office concerning the status of Plaintiff's discovery responses. Mr. Mann, via email, said only that he was "working on it." The same day, Mr. Marks emailed Mr. Mann's office requesting clarification on when Plaintiff would serve her discovery responses and asked, in the interim, that Plaintiff provide the signed medical release allowing Defendants to obtain documentation from her health care providers. See Exhibit D.

7. On November 20, 2018, after Mr. Mann failed to respond, Mr. Marks sent Mr. Mann another email, reiterating these requests. Mr. Mann's office responded, stating that Plaintiff would serve her responses "by next week." Mr. Mann did not provide the signed medical release. See Exhibit D.

8. Plaintiff did not serve her responses the following week, November 26 – November 30, 2018.

9. On November 30, 2018, Mr. Marks sent an email to Mr. Mann asking when the Hospital could expect to receive Plaintiff's responses and documents. Mr. Mann responded in an email claiming that responses would be served "next week." See Exhibit D.

10. Due to Plaintiff's delays in responding to discovery, the Hospital was forced to reschedule Plaintiff's deposition for January 16, 2019. A true and accurate copy of my correspondence with Mr. Mann concerning rescheduling the deposition is attached hereto as <u>Exhibit E</u>. A true and accurate copy of the Re- Notice of Deposition of Gloria Artis is attached hereto as <u>Exhibit F</u>.

11. Plaintiff did not serve her responses the following week, December 3 – December 7, 2018.

12. On December 12, 2018, Mr. Marks emailed Mr. Mann counsel concerning the status of Plaintiff's discovery responses. Mr. Mann replied, stating that Plaintiff's responses would be served "by the weekend." <u>See</u> <u>Exhibit D</u>.

13. Plaintiff did not serve her responses by the end of the weekend, December 16, 2018.

14. On December 17, 2018, Mr. Marks contacted Mr. Mann and requested that Plaintiff produce her responses by the close of business, or the Hospital would be forced to move to compel. <u>See</u> <u>Exhibit D</u>. Plaintiff subsequently produced responses to the Hospital's First Set of Interrogatories, but did not (i) serve responses to the Document Requests, (ii) produce any documents, or (iii) produce the signed medical release. A true and correct copy of Plaintiff's responses to the Interrogatories is attached hereto as <u>Exhibit G</u>.

15. In response to Plaintiff's failure to produce the required responses and documents, I emailed Mr. Mann's office on December 17 and requested that Plaintiff produce her responses to the Documents Requests and the signed medical release by close of business Wednesday, December 19, 2018, or the Hospital would move to compel. Mr. Mann responded, without

providing any indication of when the responses would be produced, stating only "filing a motion to compel is improper, please just stop threatening to do it, it makes no sense." See Exhibit D.

16. I emailed Mr. Mann again, informing him that that discovery closes February 1, 2019 and Plaintiff's repeated failure to produce documents would force the Court to intervene if the delays continued. See Exhibit D.

17. Plaintiff did not produce her responses to the Document Requests or the signed medical release on December 19, 2018. A true and correct copy of my December 19, 2019 e-mail correspondence to Mr. Mann concerning Plaintiff's failure to produce responses to the Document Requests and the signed medical release is attached hereto as Exhibit H.

18. As of the date of this filing, Plaintiff has yet to produce her responses to the Document Requests or the signed medical release.

I declare under penalty of perjury that the foregoing is true and correct. Signed on December 21, 2018.

*/s/ Melissa L. McDonagh*
Melissa L. McDonagh

FIRMWIDE:161282385.1 069085.1055