# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA ARTIS, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>CAPE COD HOSPITAL, DEFENDANT, )<br>AND JAMES HAPPEL )<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:18-cv 10801-GAO |

**PLAINTIFF'S ANSWERS TO DEFENDANT CAPE COD HOSPITAL'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

The Plaintiff, Gloria Artis, hereby files her answers and objections, if any, to the numbered paragraphs of Defendant Cape Cod Hospital's First Set of Interrogatories, as follows, without waiving any of the following:

(i) The right to object, on any ground, to the use of the following answers in any other subsequent proceeding, or at the trial of this action, or any other action;

(ii) The right to object, on any ground, at any time, to any demand for further answers to these Interrogatories, or any other Interrogatories, or any other discovery procedures involving, or relating to, the subject matter of these Interrogatories; and

(iii) The right, at any time, to revise, correct, supplement, or clarify any of the following answers.

**ANSWERS TO INTERROGATORIES**

1.

Identify all persons who have, claim to have, or whom you believe may have knowledge, facts or information pertaining to any fact relating to or supporting the allegations forming the basis of the Complaint, and please describe, in detail and inclusively, the specific nature and substance of the knowledge you believe each person may have.

**ANSWER NO. 1**

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome, and overbroad in scope. Without waiving and subject to this objection, Plaintiff answers as follows:

Hilda Haye, employee of Cape Code Hospital. Plaintiff believes this person has knowledge of Defendant Cape Cod Hospital and James Happel's discriminatory, retaliatory and unfair treatment of Plaintiff.

Joana Oliveira, employee of Cape Code Hospital. Plaintiff believes this person has knowledge of Defendant Cape Code Hospital and James Happel's discriminatory, retaliatory and unfair treatment of Plaintiff.

Mary Carey, employee of Cape Cod Hospital. Plaintiff believes this person has knowledge of Defendant Cape Code Hospital and James Happel's discriminatory, retaliatory and unfair treatment of Plaintiff.

Shani Turner, employee of Cape Cod Hospital. Plaintiff believes this person has knowledge of Defendant Cape Cod Hospital and James Happel's discriminatory, retaliatory and unfair treatment of Plaintiff.

Jeremy Jorvelus, employee of Cape Cod Hospital. Plaintiff believes this person has

knowledge of Defendant Cape Code Hospital and James Happel's discriminatory, retaliatory and unfair treatment of Plaintiff.

Gwendolyn Ayala, employee of Cape Cod Hospital. Plaintiff believes this person has knowledge of Defendant Cape Code Hospital and James Happel's discriminatory, retaliatory and unfair treatment of Plaintiff.

2.

Identify and describe in detail each instance in which you claim you were subjected to discriminatory, harassing, retaliatory or otherwise unlawful behavior during your employment with Cape Cod Hospital. For each such instance:

    a.    state the date(s) of the occurrence;

    b.    identify the person(s) involved;

    c.    describe in detail the nature of the conduct;

    d.    describe what you did or said in response;

    e.    state whether you complained about the conduct, to whom, and the outcome; and

    f.    identify each and every supporting document.

**ANSWER NO. 2**

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome. Without waiving and subject to this objection, Plaintiff answers as follows:

<u>Instance 1:</u>

On or about April 3, 2017, Plaintiff was attending a meeting held by James Happel. Mr. Happel's conduct was unprofessional, unbecoming and racially charged. Mr. Happel made a

3

statement directly to Plaintiff that "You blacks have an inappropriate relationship." Plaintiff responded to Mr Happel that she was highly offended by the racial remark. Mr. Happel responded by saying he was going to make Plaintiff change her ways and became very angry. Plaintiff then left Mr. Happel's office.

Plaintiff complained of Mr. Happel's conduct to Sarah O'Reilly, HR Manager on or about May 5, 2017. Plaintiff believes Ms. O'Reilly took notes. Plaintiff attempted to contact Ms. O'Reilly on several occasions, however, Ms. O'Reilly never followed up with Plaintiff. Five weeks later, Plaintiff sent a letter to Cape Cod Hospital's HR Senior VP Emily Schoerer.

Instance 2:

On or about June 5, 2017, James Happel racially profiled Plaintiff by instructing her to take a predictive index after he alleged the hospital staff was complaining about Plaintiff. Mr. Happel also indicated that such complaints were in line with her predictive index.

Instance 3:

On or about June 8, 2017, James Happel made a racially charged comment during a presentation that all babies look like Winston Churchill and proceeded to look directly at Plaintiff and smirk at Plaintiff. Dr. Rudman, Dr. Hill, Nurse Manager Rebecca Day, and Diagnostic Techs were present for this incident.

Instance 4:

On or about November 7, 2017, Supervisor Pam Arico was speaking about procedures she had made to a plan including using the color black. James Happel then turned and looked at Plaintiff and said please do not name the color black with present company in room. Lab Manager Jen Clark, Supervisor Pam Arico, Whitney Thomas, and Patricia Phelan were present

for this incident.

Incident 5:

On or about February 26, 2017, Manager Jen Clark instructed Plaintiff to give a positive performance review to an employee Plaintiff believed to be performing poorly. If Plaintiff did not follow Ms. Clark's instructions, Ms. Clark was going to write up Plaintiff.

Incident 6:

On or about January 19, 2018, Plaintiff asked a questions to Michael Bundy about barriers and directional arrows regarding employee parking. Defendant James Happel pulled Plaintiff into his office with HR advisor Melody Way and began questioning Plaintiff about her questions to Mr. Bundy. A Caucasian employee Trish Phelan was also present and asked the same questions to Mr. Bundy, however, she was not questioned as Plaintiff was by James Happel.

Incident 7:

On or about June 9, 2018, Plaintiff was subject to a racial rant by a Cape Cod Hospital Volunteer Daniel McPhee. At approximately 7:15 AM, Plaintiff was walking from her office to the restroom when she came upon a person she didn't know. This individual was Cape Cod Hospital Volunteer Daniel McPhee. Plaintiff asked Mr. McPhee whether she could be of some assistance. Mr. McPhee showed Plaintiff his badge and stated "a monkey is born and spawn everyday and now you people are everywhere."

Plaintiff reported this racially charged incident to the Volunteer Director Patricia Boris, Amanda Teehan, and President Michael Lauf.

5

3.

Identify each entity or person, including without limitation, each present or former employee, agent or representative of Defendant with whom you communicated or complained to at any time about any unlawful discrimination, harassment, retaliation or any other unlawful conduct. In your answer, identify and describe:

   a. in as much detail as possible each such communication;

   b. the dates and times of each communication;

   c. witnesses present to the communication; and

   d. the response from the person or entity to the communication.

## ANSWER NO. 3

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome, and overbroad in scope. Without waiving and subject to this objection, Plaintiff answers as follows:

James Happel;

Jennifer Clark, Lab manager;

Sarah O'Reilly, HR Manager;

Emily Schorer, HR Vice president;

Jeremy Jorvelus, employee of Defendant;

Brian Basili, Manager of Labor Relations;

Hilda Haye;

Joana Oliveira;

Gwendolyn Ayala;

6

Michael Lauf;

Nancy McGuire;

Mike Bundy.

4.

List the names, addresses and telephone numbers of all employers (including self-employment and any business to which you were assigned through a staffing or similar agency) for whom you worked from 2013 to the present. For each employer, identify:

    a. position(s) held;

    b. duties of each position:

    c. person(s) to whom you reported;

    d. dates of employment; and

    e. reason for leaving employment. If you were involuntarily terminated (discharged, laid off, resigned under pressure, constructively discharged, etc.) describe in complete detail the circumstances surrounding your separation.

**ANSWER NO. 4**

Beth Israel Deaconess Medical Center; 330 Brookline Ave., Boston, MA 02215; (617) 667-7000.

    a. Assistant Operations Lab Control Manager;

    b. Managed laboratory operations of all specimen sampling and reconciliations. Managed outpatient phlebotomy areas, provided scheduling and onsite training to staff. Managed all areas of labs and client service department. Monitored courier services. Provided special registration authorizations to technical staff. Provided annual reviews, counseling and training. Hiring, set up training, counseling and

terminations. Developed standard operating procedures;

c. 2008-2016

Self-Employed; 1077 Pond Street, Franklin, MA.

a. Proprietor;

b. Provide medical training services to medical clinic sites;

c. 2003 – present.

5.

Identify any and all damages including, without limitation, front pay, back pay, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, costs and interest, and/or any other pecuniary or non-pecuniary damages, which you claim to have suffered as a result of Defendant's conduct. In your answer, state and describe in detail:

    a.    the date(s) on which the alleged damages were incurred;

    b.    the subject matter of the alleged damages;

    c.    the amount or estimated amount, and method of calculation of the alleged damages;

    d.    the nature of the items constituting the alleged damages; and

    e.    each and every document that supports your claim for damages.

**ANSWER NO. 5**

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome, and overbroad in scope. Without waiving and subject to this objection, Plaintiff answers as follows:

Emotional Distress Damage in excess of $250,000;

Punitive damages in an amount to be determined at trial;

Attorney fees in an amount to be determined at trial;

Costs and interest in an amount to be determined at trial; and

All other damages in an amount to be determined at trial.

6.

Identify each and every physician, psychiatrist, psychologist, social worker or other health care provider that you have visited, consulted or received treatment from, or that you continue to visit, consult or receive treatment from, relative to any physical or emotional condition you allege Defendant caused, or relative to any physical or emotional pre-existing condition you allege Defendant exacerbated. For each physician or other health care provider identified, please state:

   a. his or her address, occupation, area of specialization, if any;
   b. any medical institutions with which the person is presently associated or affiliated;
   c. any medical institutions with which the person was associated or affiliated while treating you;
   d. the date you first consulted that person or entity;
   e. the condition for which treatment was sought;
   f. the diagnosis that was rendered;
   g. the nature of the treatment rendered; and
   h. the cost of treatment and whether you are presently receiving treatment or consultation from such person or entity.

**ANSWERS NO. 6**

9

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome, and overbroad in scope. Without waiving and subject to this objection, Plaintiff answers as follows:

Dr. Garg, Lincoln Physicians Group; Lincoln, MA; Plaintiff received treatment for neck pain and back pain that was exacerbated due to workplace stress.

Bay State Physical Therapy, Franklin, MA; Plaintiff received treatment for neck pain and back pain that was exacerbated due to workplace stress.

7.

Identify and describe in detail any complaints, claims or charges, whether formal or informal, you have ever brought against any of your employers or their employees or agents. Your answer should include, but is not limited to:

    a. the name(s) of any person(s) involved in any such claim(s);

    b. the date(s) upon which you brought any such claim(s);

    c. a summary of the facts at issue in any such claims(s);

    d. the investigation concerning such claim(s), and

    e. the outcome or resolution of any such claim(s).

## ANSWER NO. 7

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome, and overbroad in scope. Plaintiff further objects on the grounds that this Interrogatory is not reasonably related to any claim or defense and there is no cause to go beyond the ordinary scope of discovery. Without waiving and subject to this objection, Plaintiff answers as follows: Plaintiff has not made any complaints, claims or charges, against any of her

employers except for the instant case and preceding EEOC complaint against the defendants.

8.

Identify and describe in detail the nature and the extent of any emotional injury you allege you have sustained as a result of the conduct and incident(s) alleged in your Complaint against Defendant and, which injuries, if any, are claimed to be permanent in nature.

**ANSWER NO. 8**

Plaintiff has sustained significant emotion injury as a result of the conduct alleged in the Complaint. Plaintiff has and continues to suffer from stress and anxiety as a result of the conduct alleged in the Complaint.

9.

Identify each expert witness with whom you have consulted regarding this litigation or whom you intend to offer as a witness or affiant in this litigation.

**ANSWER NO. 9**

Plaintiff has not designated any expert witnesses at this time and reserves the right to supplement this Answer.

10.

For each expert witness identified in response to Interrogatory No. 9, identify:

    a. the general subject matter on which each such expert was consulted and/or is expected to testify;

    b. the opinion to be offered by such expert witness; and

    c. the factual basis for such opinion.

**ANSWER NO. 10**

Please see Plaintiff's Answer to Interrogatory No. 9.

**11.**

Identify each non-expert witness you intend to call at the trial of this matter and describe the subject matter of his or her expected testimony.

**ANSWER NO. 11**

Victory Oliveira, VP of Finances;

Stacey Hodges, HR;

James Happel.

Plaintiff reserves the right to supplement this Answer.

**12.**

Identify any documents used in any manner to prepare or assist in preparing any of the answers to these Interrogatories and, for each such document, identify the particular Interrogatory answer(s) or portion thereof for which it was used.

**ANSWER NO. 12**

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome. Without waiving and subject to this objection, Plaintiff answers as follows:

Written statement by Shani Turner, Diagnostic Tech, dated 3/3/2018.

Written statement by Joan Oliveira, Diagnostic Tech, dated 3/2/2018.

Written statement by Gwendolyn Warren, Diagnostic Tech, dated 3/3/2018.

Email from James Happel to James Seymour, dated June 5, 2017, 9:40 AM.

Gloria Artis Predictive Index behavioral Assessment, dated 6/9/2017.

**13.**

State if you have ever been a party in a lawsuit or other judicial proceeding, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were a plaintiff or a defendant, the general nature of the action, the date and court in which such suit was filed, and the docket number.

**ANSWER NO. 13**

Objection. Plaintiff objects on the grounds that this Interrogatory is unduly vague, overly oppressive, burdensome, and overbroad in scope. Plaintiff further objects on the grounds that this Interrogatory is not reasonably related to any claim or defense and there is no cause to go beyond the ordinary scope of discovery.

Signed under oath,

_____ 12/19/18
Gloria Artis

Respectfully submitted by counsel,

Simon B. Mann (BBO# 665301)
Mann Law Firm, P.C.
200 Highland Ave., Ste. 300
Needham, MA 02494
Tel (617) 690-7379
Fax (781) 444-1014
simon@sbmannlaw.com