UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA ARTIS,<br><br>       PLAINTIFF,<br><br>v.<br><br>CAPE COD HOSPITAL, DEFENDANT,<br>AND JAMES HAPPEL | Civil Action No. 1:18-cv-10801-GAO |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This matter comes before the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a Protective Order governing the disclosure of confidential information by Defendant Cape Cod Hospital ("Cape Cod Hospital" or the "Defendant") and Plaintiff Gloria Artis ("Artis" or the "Plaintiff") (each individually a "Disclosing Party," collectively with Cape Cod Hospital, the "Parties") during this lawsuit. The Parties have agreed, as set forth in this Stipulated Confidentiality Agreement and Protective Order ("Stipulation"), to treat certain information as "Confidential" and subject to the protections afforded herein. As such, the Parties hereby stipulate and jointly move that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26 as follows:

1.    This Confidentiality Stipulation and Protective Order shall apply to all information, documents, and things subject to discovery in this employment litigation matter (the "Action"), whether from a party or a third party, including but not limited to deposition testimony, answers to interrogatories, documents produced, information obtained from inspection of premises or things, answers to requests for admission, and responses to subpoenas (collectively, "Discovery Materials").

2. The term "documents" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure, and the Local Rules.

3. A party may designate as "Confidential" any Discovery Materials, or portion thereof, that the party determines, in good faith, contains personal, confidential, proprietary and/or trade secret information, including documents and information: (i) non-public financial information of a Disclosing Party; (ii) non-public information concerning Defendant's current, former or prospective customers or clients and/or patient information; (iii) non-public information concerning Defendant's present or former parents, subsidiaries, affiliated companies, vendors, suppliers, service providers, employees, and independent contractors; (iv) non-public information concerning Defendant's policies, practices, procedures, codes of conduct, codes of ethics, compliance policies, internal investigations, and employee relations and human resources records or proceedings; (v) information concerning any current or former employee of Defendant including, without limitation, documents containing compensation-related information and other personnel-related information, health or medical-related information, social security numbers, home addresses, or home telephone numbers; (vi) any confidential, proprietary and/or trade secret information afforded protection from disclosure under state or federal law; and (vii) information concerning Plaintiff's medical and health care records, consultation, care, treatment or diagnosis.

4. A party may also designate Discovery Materials as "Confidential – Attorneys' Eyes Only." "Confidential – Attorneys' Eyes Only" Discovery Materials shall consist only of highly sensitive confidential, proprietary, trade secret or personal information, the disclosure of which by the disclosing party would proximately and foreseeably cause the Disclosing Party

significant harm to its business, or excessively intrude on the Disclosing Party's privacy interests.

5. Information disclosed, reviewed or discussed in a deposition may be designated as "Confidential" by any party by so indicating on the record at the time of the deposition or, within thirty (30) days after receipt by the party of the applicable deposition transcript, by notifying counsel for the other party in writing as to which portions of the deposition transcript contain "Confidential" information.

6. The Parties agree that during discovery, Confidential information produced, disclosed, or used in discovery in this Action shall be treated as confidential, shall not be disclosed except as provided herein, and shall be utilized solely in connection with the above-captioned Action by:

(a) the Court, Court personnel, duly authorized court reporters or stenographers for hearings, depositions and trial, and, if applicable, the Jury;

(b) the Plaintiff and the Defendant and their representatives and attorneys of record and those persons working with and for the attorneys of record at the same firm, other attorneys acting "of counsel" for any party to this stipulation in this action and persons employed in said other attorneys' offices (provided "of counsel" attorneys and other persons are shown a copy of this Stipulation and agree to be bound by same); and

(c) pursuant to Paragraph 5, persons retained in this action to assist in the prosecution or defense of this Action, including experts, and persons employed and affiliated with such experts, consultants, and individuals whom any party to this proceeding intends to call as witnesses at trial.

7. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case. Nothing in this Stipulation shall be construed to prohibit or limit any party's attorneys from seeking to mark or introduce designated Confidential Information at any deposition taken in, at any hearing or at the trial of, this Action. Nothing in this Stipulation is intended to, nor shall it, restrict, limit or usurp any non-parties rights under federal or state law, including, without limitation, an individual's rights under the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"). Nothing in this Stipulation is intended to, nor shall it, compel the production and/or disclosure of information which is subject to disclosure restrictions or prohibitions under federal or state law.

8. The witnesses at trial, outside experts and/or outside consultants referenced above shall be given a copy of this Confidentiality Stipulation and Protective Order and shall sign a declaration, a copy of which is attached hereto as <u>Exhibit A</u>, prior to receipt of any "Confidential" documents or information. Such declaration shall state that the receiving party agrees that he or she is bound by the terms of this Confidentiality Stipulation and Protective Order. Nothing contained herein shall limit the duty or obligation of a party to produce documents in a timely manner pursuant to the applicable Rules of Procedure or pursuant to any agreed extension by the opposing party's counsel of record. Each person to whom the documents are exhibited and/or the information contained therein is disclosed hereby submits himself or herself to the jurisdiction of this Court and/or the jurisdiction of the courts of Massachusetts over his or her person, wherever he or she shall be, for the enforcement of this Confidentiality Stipulation and Protective Order.

9. To the extent any party seeks to use or disclose Confidential information in support of or in opposition to a dispositive motion, such party shall first seek the Court's permission to file such Confidential Information under seal in connection with such motion.

10. Nothing herein shall, nor is it intended to, supplant, alter or modify the Court's discretion with respect to evidentiary and other legal issues and matters raised in this case, nor shall it require that the Court seal any particular document or information.

11. Nothing herein is intended to, supplant, alter, modify or limit the operation, requirements or procedures of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure or Federal Rule of Evidence 502.

12. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing designated Confidential Information and all copies thereof which are in the possession, custody or control of any person or party other than the producing party and/or the producing party's attorneys shall be returned to the producing party's attorneys. Notwithstanding the foregoing, attorneys for the parties may keep one copy of such documents, testimony, information or material that has been designated as Confidential Information for their records, except that under no circumstances may Confidential Information be disclosed to any person or entity after the final disposition of this action, other than as required by court order.

13. This Stipulation shall be binding and effective on and as between the Parties during the pendency of this Action, whether or not it is entered as an order of the court.

So stipulated,

| PLAINTIFF | DEFENDANT |
|---|---|
| Gloria Artis | Cape Cod Hospital |
| By her Attorney | By its Attorneys |

/s/ Fernando M. Figueroa  /  /s/ Melissa L. McDonagh

Simon B. Mann (BBO #665301)
Fernando M. Figueroa (BBO #698934)
**Mann Law Firm, PC**
200 Highland Ave., Ste. 300
Needham, MA 02494
Phone 617-690-7379
Fax 781-444-1014
simon@sbmannlaw.com
fernando@sbmannlaw.com

Anthony D. Rizzotti (BBO #561967)
Melissa L. McDonagh (BBO No. 569023)
Richard J. Marks (BBO# 693738)
**Littler Mendelson, P.C.**
One International Place
Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052
arizzotti@littler.com
mmcdonagh@littler.com
rmarks@littler.com

November 12, 2018

So ordered,

Dated: January 23, 2019         /s/ George A. O'Toole, Jr.
                                 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA ARTIS )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>CAPE COD HOSPITAL, DEFENDANT, )<br>AND JAMES HAPPEL, )<br>) | Civil Action No. 1:18-cv-10801-GAO |

**DECLARATION AND AGREEMENT TO BE BOUND BY THE**
**<u>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

      1.    My name is _____.

I live at _____.

I am employed as _____ (state

position) by _____ (state

name and address of employer).

      2.    I am aware that a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") has been entered in the above case by the Court, and a copy thereof has been given to me. I have read and understand the terms of the Protective Order. I agree to be bound by the terms of the Protective Order.

      3.    I promise that the documents and information designated as "Confidential" pursuant to the Protective Order in this case will be used by me only in connection with the litigation of the above captioned matter.

4. I understand that any use or disclosure of information obtained by me from material marked "Confidential" in any manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt by the United States District Court for the District of Massachusetts.

5. I agree to submit myself to the personal jurisdiction of the United States District Court for the District of Massachusetts in connection with any proceedings concerning the Protective Order.

_____
(Signature of Declarant)